# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SPENCER, | **1:20-cv-00909-DAD-GSA-PC** |
| Plaintiff, | <u>**SCREENING ORDER**</u> |
| vs. | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** |
| JASSO, et al., | |
| Defendants. | **(ECF No. 1.)** |
| | **THIRTY DAYS TO FILE FIRST AMENDED COMPLAINT** |

## I.   BACKGROUND

Edward Spencer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 30, 2020.  (ECF No. 1.)  The Complaint is now before the court for screening.  28 U.S.C. § 1915.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.   SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR).  The events at issue in the Complaint allegedly occurred at SATF.  Plaintiff names as defendants J. Jasso (Mailroom) and S. Hillman (Mailroom Supervisor) (collectively, "Defendants").  Plaintiff sues Defendants in their individual capacities.

A summary of Plaintiff's allegations follows:

Plaintiff has been housed at SATF since 2006 and has never had his mail withheld for an inordinate amount of time until he filed a grievance against the mailroom, Lieutenant Lopez [not a defendant], and other custody staff.  There is no reason other than retaliation for Plaintiff exercising his Constitutional and civil rights supporting Defendants' conduct in withholding mail from October 2019 through February 5, 2020 (when discovered), without providing Plaintiff a notice.  Plaintiff's incoming mail was withheld for 30 to 150 days without notice.  Defendants

placed a chill effect on Plaintiff by withholding his incoming and outgoing mail, and their conduct did not advance a legitimate penological goal.  It does not take thirty or more days to screen Plaintiff's mail to ensure that there is no contraband inside.  Pursuant to California regulations, Defendants had a duty to deliver mail not later than seven days from receipt at the facility, unless Plaintiff was notified.  Defendants violated due process when they failed to provide him with notice of his withheld mail.  Defendants' conduct amounted to extreme and outrageous conduct that caused Plaintiff's well being to be interfered with such as stressing him out.  No reasonable person in a civilized society should be expected to endure receiving his mail a hundred and fifty days after Defendants received said mail.

Plaintiff believes that Lieutenant D. Lopez [not a defendant] authorized Defendants to withhold Plaintiff's mail because Plaintiff filed grievances against him and the mailroom staff.  Plaintiff had been granted approval from CDCR to correspond with all of the inmate-to-inmate mails that were being withheld.  Defendant Hillman, Mailroom Supervisor, was notified that mails were being withheld and she granted appeal no. SATF-G-19-07306, which also provided notice to her about the withheld mail.  Defendants' actions were in violation of the D.O.M. policy.  Plaintiff was reluctant to file other grievances challenging other incidents involving Defendants based on Defendants' conduct.   Plaintiff filed a 602 appeal complaining of Defendants' retaliation conduct.  Plaintiff has complied with the California Government Code Tort Claims Act.

Plaintiff requests as relief a declaratory judgment, compensatory and punitive damages, and costs of suit.

## IV.    PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.    Personal Participation

Under section 1983, Plaintiff must link the named defendants to their participation in the violation at issue.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  A supervisor is only liable for the constitutional

4

violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue.  Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75(9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (*en banc*); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Here, Plaintiff fails to clearly state what happened.  Plaintiff refers to an "incident [that] occurred on (*sic*)] October 2019 thru February 5, 2020." (Comp., ECF No. 1 at 8 ¶8.)  Plaintiff also alleges that his "incoming mail was withheld for 30 to 150 days," (Id. at 9 ¶ 18.), and that he should not be forced to endure receiving his mail "a hundred and fifty days" after Defendants received said mail.  (Id. at 10 ¶ 37.)

To state a claim, Plaintiff must be more factually specific, describing how he knows his mail was being withheld, when exactly it was withheld, the duration of each period his mail was withheld, on how many occasions it was withheld, and finally setting forth facts connecting each of the named defendants with the act of withholding his mail explaining how it is he knows that the two named defendants were involved in the withholding of his mail.  Plaintiff should use try to use dates to explain when each incident occured, preferably stating allegations in chronological order.  Speculative or conclusory allegations are not sufficient to state a claim.  For the retaliation claim, Plaintiff needs to show a causal connection between his filing of the appeal and the withholding of his mail, and demonstrate  how he knows the named defendants were responsible and were doing so for a retaliatory reason.  Plaintiff should disclose what Defendants' stated reason was for withholding his mail.  If possible, Plaintiff should allege how and when Defendants knew that Plaintiff filed the appeal.  Plaintiff should also allege any harm or injuries he suffered as a result of Defendants' conduct.

Presently, Plaintiff fails to state a claim in the Complaint against either of the named Defendants.  Accordingly, the court shall dismiss the Complaint for failure to state a claim, with leave to amend.  Plaintiff shall be granted leave to file a First Amended Complaint to cure the

deficiencies in his claims identified by the court.  In the paragraphs that follow, the court shall set forth the legal standards for the claims it appears Plaintiff wishes to bring.  Plaintiff should review the legal standards before deciding which claims to bring in the First Amended Complaint.

///

## B.    Mail Protections

Prisoners have "a First Amendment right to send and receive mail."  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  Nevertheless, correctional institutions and jails have a legitimate governmental interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security.  See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989).  For example, inmates and detainees may have their mail screened to ensure that there is no contraband inside.  Mangiaracina v. Penzone, 849 F.3d 1191, 1195 (9th Cir. 2017).  The mere fact that prison officials open and conduct a visual inspection of a prisoner's mail does not state a claim for violation of a prisoner's constitutional rights.  Wolff v. McDonnell, 418 U.S. 539, 576–77 (1974); Nordstrom v. Ryan, 762 F.3d 903, 908-909 (9th Cir. 2014) ("Nordstrom I"); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996).

A prison may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests."  See Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254 (1987).  The Turner standard applies to regulations and practices concerning all correspondence between prisoners and regulations concerning incoming mail received by prisoners from non-prisoners.  See Thornburgh, 490 U.S. at 413.  Prisoners also have a liberty interest in the receipt of mail, including subscription publications, which triggers procedural due process guarantees.  Krug v. Lutz, 329 F.3d 692, 696-697 (9th Cir. 2003).  If prison officials withhold mail, a prisoner has a due process right to receive notice that his incoming mail is being withheld.  See Frost v. Symington, 197 F.3d 348, 353-54 (9th Cir. 1999); see also Prison Legal News v. Cook, 238 F.3d 1145, 1152-53 (9th Cir. 2001) (holding that due process rights apply to withheld mail where

prisoners had constitutionally protected right to receive the mail). A prisoner also has a due process right to appeal the exclusion of mail to a prison official other than the one who made the initial exclusion decision.  See Krug, 329 F.3d at 697-98 & n.5.

In the Ninth Circuit, "mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail."  Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996).  "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Id. (citing Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) ).

Under federal law, "legal mail" entitled to First Amendment protection is narrowly defined as confidential correspondence between a prisoner and his attorney.  See Nordstrom I, 762 F.3d at 909.  The Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having properly marked legal mail [including civil mail] opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017).  However, an isolated instance or occasional opening of legal mail outside the inmate's presence does not rise to the level of a constitutional violation.  See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989).

In criminal cases, such correspondence is also protected by the Sixth Amendment. See Mangiaracina, 849 F.3d at 1196 (and cases cited therein).  "[P]rison officials may open, but not read, incoming legal mail in the presence of the inmate."  Nordstrom v. Ryan, 856 F.3d 1265, 1272 (9th Cir. 2017) ("Nordstrom II") (citing Wolff, 418 U.S. at 577. "[T]he practice of requiring an inmate to be present when his legal mail is opened is a measure designed to prevent officials from reading the mail in the first place." Nordstrom I, 762 F.3d at 910 (citing Wolff at 577); Mangiaracina, 849 F.3d at 1196 (Sixth Amendment requires a pretrial detainee be present when legal mail related to a criminal matter is inspected; even a single incident of improper reading of a pretrial detainee's mail may give rise to a constitutional violation).

## C. **Due Process**

Prisoners also have a liberty interest in the receipt of mail, including subscription publications, which triggers procedural due process guarantees.  Krug, 329 F.3d at 696–697).  If

prison officials withhold mail, a prisoner has a due process right to receive notice that his incoming mail is being withheld. See Frost, 197 F.3d at 353–54; see also Prison Legal News, 238 F.3d at 1152–53 (holding that due process rights apply to withheld mail where prisoners had constitutionally protected right to receive the mail). A prisoner also has a due process right to

///

appeal the exclusion of mail to a prison official other than the one who made the initial exclusion decision. See Krug, 329 F.3d at 697–98 & n.5.

### D.   Eighth Amendment Claim

Plaintiff alleges that Defendants' conduct amounted to "extreme and outrageous conduct, which caused Plaintiff's well-being to be interfered with such as stressing him out[, and n]o reasonable person in a civilized society should be expected to endure receiving his mail a hundred and fifty days after Defendants received said mail." (Comp., ECF No 1 at 12 ¶ 54.) These allegations bring to mind an Eighth Amendment violation.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer, 511 U.S. at 834.  "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation.  Johnson, 217 F.3d at 731.  Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992).  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim.  Johnson, 217 F.3d at 731.  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

### E.    Retaliation

"Prisoners have a First Amendment right to file grievances [and lawsuits] against prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

///

### F.    State Law Claims

Plaintiff is informed that state law claims such as negligence, violation of state regulations, or failure to comply with CDCR rules are not sufficient to state a claim for relief under § 1983.  To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976).  Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.  In this instance, the Court fails to find any cognizable federal claims in the Complaint. Therefore, Plaintiff's state claims fail.

Moreover, to state a cognizable state law claim, Plaintiff must sufficiently plead the claim presentation requirement contained in California Government Code § 900 et seq.[1]  California's Government Claims Act establishes certain conditions precedent to the filing of a lawsuit against a public entity.  State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237, 90 P.3d 116, 118 (2004). "[A] plaintiff must timely file a claim for money or damages with the public entity, (§ 911.2.), and the failure to do so bars the plaintiff from bringing suit against that entity, (§ 945.4.)."  Id. Compliance with the claim presentation requirement is an element of the cause of action, Bodde, 32 Cal.4th at 1240, and is required, Mangold v. California Public Utilities Com'n, 67 F.3d 1470, 1477 (9th Cir. 1995), and "failure to file a claim is fatal to a cause of action," Hacienda La Puente Unified School Dist. Of Los Angeles v. Honig, 976 F.2d 487, 495 (9th Cir. 1992); City of Stockton v. Superior Court, 42 Cal.4th 730, 738 (Cal. 2007) at 738; Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007).  The government claim must be filed or presented to

---

[1] Formerly known as the California Tort Claims Act. City of Stockton, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

the public entity no later than six months after the cause of action accrues. California Government Code § 911.2.  A plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement."  Robinson v. Alameda Cty., 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) (quoting Bodde, 32 Cal.4th at 1243; Mangold, 67 F.3d at 1477 (quoting Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 865, 193 Cal.Rptr. 760 (1983) ("Where compliance with the [CGCA] is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer.")); D.K. ex rel. G.M. v. Solano County Office of Education, 667 F.Supp.2d 1184, 1195 (E.D. Cal. 2009); Karim–Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir. 1988); Flanagan v. Benicia Unified School District, 2008 WL 435355 (E.D .Cal. Feb. 14, 2008)). "[A] bare allegation that the [CGCA] has been followed would seem to be a mere conclusion that is insufficient under Iqbal and Twombly . . ."  Young v. City of Visalia, 687 F.Supp.2d 1141, 1152 (E.D. Cal. 2009).

Here, Plaintiff states that he "has complied with the California Government Code Tort Claims Statute."  (ECF No. 1 at 11 ¶ 44.)  This statement is insufficient to show compliance. See Cardenas v. Cty. of Tehama, No. 218CV03021TLNDMC, 2020 WL 4475188, at *10 (E.D. Cal. Aug. 4, 2020) (While the Complaint here states "Plaintiffs filed timely administrative 'tort' claims against County of Tehama, City of Corning, and State of California officials pursuant to Cal. Gov. Code §§ 910 et seq., and hereby timely files this lawsuit within six months of defendants' rejections of those claims," this statement is a mere legal conclusion.)

In the present case, Plaintiff has not provided his claim as an attachment to the Complaint, nor has he alleged or shown what specific facts and causes of action were referred to in the claim. Plaintiff must show that the claim was timely.  Without such information Plaintiff has not sufficiently pleaded facts demonstrating that he complied with the Government Claims Act in bringing his state law claims.

Therefore, Plaintiff fails to state any cognizable state law claims in the Complaint.

**G.** **Relief Requested**

Plaintiff seeks a declaratory judgment that Defendants' actions violated his rights under the United States Constitution and as otherwise alleged in the Complaint.  A request for

declaratory relief should be denied because it is subsumed by Plaintiff's damages claim. <u>See</u> <u>Rhodes</u>, 408 F.3d at 565-66 n.8 (because claim for damages entails determination of whether officers' alleged conduct violated plaintiff's rights, the separate request for declaratory relief is subsumed by damages action); <u>see</u> <u>also</u> <u>Fitzpatrick v. Gates</u>, No. CV 00-4191-GAF (AJWx), 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate[.]")

## V.   CONCLUSION

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Complaint against any of the individual Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Plaintiff shall be granted leave file a First Amended Complaint within thirty days. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. <u>Iqbal</u>, 556 U.S. at 678; <u>Jones</u>, 297 F.3d. at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Iqbal</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. <u>Iqbal</u>, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. <u>Jones</u>, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on June 30, 2020.

Plaintiff is advised that an amended complaint supersedes the original complaint, <u>Lacey</u>, 693 F.3d at 907 n.1, and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint,

each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Based on the foregoing, the court finds that Plaintiff fails to state any cognizable claims in the Complaint against any of the Defendants upon which relief may be granted under § 1983;

2.   Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend within **thirty (30) days** from the date of service of this order;

3.   Plaintiff's request for declaratory relief is dismissed without leave to amend;

4.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

5.   Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:20-cv-00909-DAD-GSA-PC; and

6.   Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated:   __September 18, 2021__          _____/s/ Gary S. Austin_____
                                                                   UNITED STATES MAGISTRATE JUDGE