UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SPENCER,<br><br>             Plaintiff,<br><br>     vs.<br><br>JASSO, et al.,<br><br>             Defendants. | 1:20-cv-00909-ADA-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED WITH THE FIRST AMENDED COMPLAINT AGAINST DEFENDANT J. JASSO ON PLAINTIFF'S CLAIMS FOR RETALIATION AND WITHHOLDING PLAINTIFF'S MAIL UNDER THE FIRST AMENDMENT, AND VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT, AND THAT ALL OTHER CLAIMS BE DISMISSED.**<br><br>**(ECF NO. 12.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.     BACKGROUND**

Edward Spencer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 30, 2020.  (ECF No. 1.)  On September 20, 2021, the Court dismissed the Complaint for failure to state a claim, with leave to amend.  (ECF No. 10.)  On October 18, 2021, Plaintiff filed the First Amended Complaint, which is now before the court for screening.   28 U.S.C. § 1915.  (ECF No. 12.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue in the First Amended Complaint allegedly occurred at SATF. Plaintiff names one defendant, J. Jasso (Mailroom Employee) ("Defendant").

A summary of Plaintiff's allegations follows:

Plaintiff has been housed at SATF since 2006 and has never had his mail withheld for an inordinate amount of time until he filed a grievance against the mailroom, Lieutenant Lopez [not a defendant], and other custody staff. Plaintiff knows his mail was being withheld because the post-dated date on the envelope and the letter date (enclosed in the envelope) were not within ten calendar days of when Plaintiff received the mail. The mailroom and Defendant failed to affix the date the mailroom received Plaintiff's mail on his envelope. Plaintiff had approval from CDCR to correspond with all the inmates in the inmate-to-inmate mail that was held for an inordinate amount of time.

L. Lima [not a defendant], Library Technical Assistant who was being investigated, was assigned to the mailroom and she informed Plaintiff that Defendant Jasso and staff always had something negative to say about Plaintiff, such as he's a complainer and whiner and always filing appeals against staff. Inmate Robert Miller, K-12977, observed and was there for the conversation between L. Lima and Plaintiff. Due to Plaintiff filing appeals, Defendant started withholding Plaintiff's mail. Plaintiff filed a prison appeal against Defendant Jasso and the mailroom staff on March 25, 2019 (SATF-F-19-02011) and afterward, Plaintiff's mail started being withheld. Based on Defendant's conduct, Plaintiff was reluctant to file other grievances challenging other incidents involving Defendant.

Plaintiff filed a 602 appeal against Defendant for retaliation. Plaintiff has exhausted his administrative remedies. He also complied with the California Govt. Code Tort Claims Statute by filing application #20005811, and the claim was denied on July 16, 2020. The incident with Defendant Jasso occurred in October 2019. Under 15 CCR § 3133(a), all first class mail shall be delivered to the inmate as soon as possible, but not later than seven calendar days from receipt of the mail at the facility mailroom.

On nineteen occasions Plaintiff's mail was withheld for 30-150 days. (See Plaintiff's list, ECF No. 12 at 9-10.) Defendant Jasso signed fifteen of the nineteen envelopes without affixing the date he received the mail. This verifies that Defendant was responsible in the withholding of Plaintiff's mail. Defendant violated state regulations 15 CCR §§ 3130, 3133, and

///

3136 by withholding Plaintiff's mail without providing any notice to Plaintiff. This is also a due process violation.

There is no reason other than retaliation for Plaintiff exercising his Constitutional and civil rights supporting Defendants' conduct in withholding mail without providing Plaintiff with notice. Defendant placed a chill effect on Plaintiff by withholding his mail, and his conduct did not advance a legitimate penological goal. Defendant's acts also violated Title 15, D.O.M. policy. Plaintiff believes that Lieutenant D. Lopez [not a defendant] authorized Defendant to withhold Plaintiff's mail because Plaintiff filed grievances against him and the mailroom staff.

Plaintiff requests as relief compensatory, punitive, and exemplary damages, and costs of suit.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also

Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.     Mail Protections

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, correctional institutions and jails have a legitimate governmental interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989). For example, inmates and detainees may have their mail screened to ensure that there is no contraband inside. Mangiaracina v. Penzone, 849 F.3d 1191, 1195 (9th Cir. 2017). The mere fact that prison officials open and conduct a visual inspection of a prisoner's mail does not state a claim for violation of a prisoner's constitutional rights. Wolff v. McDonnell, 418 U.S. 539, 576–77 (1974); Nordstrom v. Ryan, 762 F.3d 903, 908-909 (9th Cir. 2014) ("Nordstrom I"); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996).

A prison may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254 (1987). The Turner standard applies to regulations and practices concerning all correspondence between prisoners and

regulations concerning incoming mail received by prisoners from non-prisoners. See Thornburgh, 490 U.S. at 413. Prisoners also have a liberty interest in the receipt of mail, including subscription publications, which triggers procedural due process guarantees. Krug v. Lutz, 329 F.3d 692, 696-697 (9th Cir. 2003). If prison officials withhold mail, a prisoner has a due process right to receive notice that his incoming mail is being withheld. See Frost v. Symington, 197 F.3d 348, 353-54 (9th Cir. 1999); see also Prison Legal News v. Cook, 238 F.3d 1145, 1152-53 (9th Cir. 2001) (holding that due process rights apply to withheld mail where prisoners had constitutionally protected right to receive the mail). A prisoner also has a due process right to appeal the exclusion of mail to a prison official other than the one who made the initial exclusion decision. See Krug, 329 F.3d at 697-98 & n.5.

In the Ninth Circuit, "mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Id. (citing Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) ).

Under federal law, "legal mail" entitled to First Amendment protection is narrowly defined as confidential correspondence between a prisoner and his attorney. See Nordstrom I, 762 F.3d at 909. The Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having properly marked legal mail [including civil mail] opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). However, an isolated instance or occasional opening of legal mail outside the inmate's presence does not rise to the level of a constitutional violation. See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989).

The Court finds that Plaintiff states a First Amendment claim against Defendant Jasso for withholding his mail.

B. **Due Process – Fourteenth Amendment Claim**

Prisoners also have a liberty interest in the receipt of mail, including subscription publications, which triggers procedural due process guarantees. Krug, 329 F.3d at 696–697). If

prison officials withhold mail, a prisoner has a due process right to receive notice that his incoming mail is being withheld. See Frost, 197 F.3d at 353–54; see also Prison Legal News, 238 F.3d at 1152–53 (holding that due process rights apply to withheld mail where prisoners had constitutionally protected right to receive the mail).

The Court finds that Plaintiff states a due process claim against Defendant Jasso for withholding Plaintiff's mail without providing him notice.

### C. Retaliation – First Amendment Claim

"Prisoners have a First Amendment right to file grievances [and lawsuits] against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

The Court finds that Plaintiff states a claim against Defendant Jasso for retaliation under the First Amendment for withholding Plaintiff's mail.

### D. State Law Claims

Plaintiff is informed that state law claims such as negligence, violation of state regulations, or failure to comply with CDCR rules are not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court has found cognizable federal claims in the Complaint. To state a cognizable state law claim Plaintiff must also sufficiently plead the claim presentation requirement contained in California Government Code

§ 900 et seq.[1] California's Government Claims Act establishes certain conditions precedent to the filing of a lawsuit against a public entity. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237, 90 P.3d 116, 118 (2004). "[A] plaintiff must timely file a claim for money or damages with the public entity, (§ 911.2.), and the failure to do so bars the plaintiff from bringing suit against that entity, (§ 945.4.)." Id. Compliance with the claim presentation requirement is an element of the cause of action, Bodde, 32 Cal.4th at 1240, and is required, Mangold v. California Public Utilities Com'n, 67 F.3d 1470, 1477 (9th Cir. 1995), and "failure to file a claim is fatal to a cause of action," Hacienda La Puente Unified School Dist. Of Los Angeles v. Honig, 976 F.2d 487, 495 (9th Cir. 1992); City of Stockton v. Superior Court, 42 Cal.4th 730, 738 (Cal. 2007) at 738; Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007).

The government claim must be filed or presented to the public entity no later than six months after the cause of action accrues. California Government Code § 911.2. A plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement." Robinson v. Alameda Cty., 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) (quoting Bodde, 32 Cal.4th at 1243; Mangold, 67 F.3d at 1477 (quoting Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 865, 193 Cal.Rptr. 760 (1983) ("Where compliance with the [CGCA] is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer.")); D.K. ex rel. G.M. v. Solano County Office of Education, 667 F.Supp.2d 1184, 1195 (E.D. Cal. 2009); Karim–Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir. 1988); Flanagan v. Benicia Unified School District, 2008 WL 435355 (E.D .Cal. Feb. 14, 2008)). "[A] bare allegation that the [CGCA] has been followed would seem to be a mere conclusion that is insufficient under Iqbal and Twombly . . ." Young v. City of Visalia, 687 F.Supp.2d 1141, 1152 (E.D. Cal. 2009).

Here, Plaintiff states that he "complied with the California Government Code Tort Claims Statute, in that he filed an Application claim # 28005811." (ECF No. 12 at 9 ¶21.) This statement

---

[1] Formerly known as the California Tort Claims Act. City of Stockton v. Superior Court of Sacramento County, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

is insufficient to show compliance. See Cardenas v. Cty. of Tehama, No. 218CV03021TLNDMC, 2020 WL 4475188, at *10 (E.D. Cal. Aug. 4, 2020) (While the Complaint here states "Plaintiffs filed timely administrative 'tort' claims against County of Tehama, City of Corning, and State of California officials pursuant to Cal. Gov. Code §§ 910 et seq., and hereby timely files this lawsuit within six months of defendants' rejections of those claims," this statement is a mere legal conclusion.)

In the present case, Plaintiff has not provided his claim as an attachment to the Complaint or the First Amended Complaint, nor has he alleged or shown what specific facts and causes of action were referred to in the claim. Plaintiff must also show that the claim was timely. Here, Plaintiff fails to inform the court *when* he presented his claim to the state, and further he fails to show that his claim was granted or denied *before* he filed the Complaint for this case. In fact, Plaintiff's evidence shows that his claim was rejected on July 16, 2020, which was *after* Plaintiff's Complaint was filed on June 30, 2020. (ECF No. 12 at 32 (Exh. E.)) Plaintiff has not sufficiently pleaded facts demonstrating that he complied with the Government Claims Act in bringing his state law claims.

Therefore, Plaintiff fails to state a cognizable claim for negligence or violation of other state law against Defendant Jasso.

## V.  CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff states cognizable claims against Defendant Jasso for: 1- retaliation; 2- for withholding Plaintiff's mail in violation of the First Amendment; and, 3- violation of due process under the Fourteenth Amendment, but no other claims upon which relief may be granted under § 1983.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that this case proceed with the First Amended Complaint on the cognizable claims identified by the Court, and that all other claims be dismissed for failure to state a claim. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." However, in this case, the Court finds that the deficiencies in Plaintiff's negligence and state law claims outlined above are not capable of being cured by amendment, and therefore further leave to

amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case proceed against Defendant Jasso for: 1- retaliation; 2- for withholding Plaintiff's mail in violation of the First Amendment; and, 3- violation of due process under the Fourteenth Amendment;

2. All other claims be dismissed from this case based on Plaintiff's failure to state a claim upon which relief may be granted;

3. Plaintiff's claims for negligence and other state law claims be dismissed from this case for failure to state a claim; and

4. This case be referred back to the magistrate judge for further proceedings, including service of process.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 9, 2023**                **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE