UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>                    Plaintiff,<br><br>        v.<br><br>J. JASSO, et al.,<br><br>                    Defendants. | No.  1:20-cv-0909 NODJ GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES<br><br>(ECF No. 25)<br><br>DEFENDANT'S AMENDED ANSWER RELATED TO AFFIRMATIVE DEFENSES THREE AND SEVEN OR ALTERNATIVELY, STATEMENT DECLINING TO AMEND DUE **JANUARY 26, 2024** |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's motion to strike Defendant's affirmative defenses.  ECF No. 25.  Defendant has filed an opposition to it (see ECF No. 26), and the period within which Plaintiff could have filed a reply has expired (see Local Rule 230(l)).  Thus, the matter is deemed fully briefed and submitted.

For the reasons stated below, Plaintiff's motion to strike Defendant's affirmative defenses will be denied.  However, in accord with Defendant's stipulations, affirmative defenses Three and

1

1   Seven will be stricken.  As a result, Defendant will be given the opportunity to amend the answer
2   with respect to those two defenses if Defendant so chooses.

3         I.     MOTION TO STRIKE AFFIRMATIVE DEFENSES

4            A.  Plaintiff's Motion to Strike

5   In support of Plaintiff's motion to strike Defendant's affirmative defenses, Plaintiff argues
6   that a grant of the motion is in order with respect to Defendant's first seven affirmative defenses
7   because they are incomplete, insufficiently pled, and/or are conclusory.  See ECF No. 25 at 3-5.
8   Plaintiff argues that pursuant to Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atlantic
9   Corp. v. Twombly, 550 U.S. 544, 570 (2007), to support the defenses, Defendant was required to
10  plead facts which showed that her defenses were "plausible, not just possible."  ECF No. 25 at 2.

11           B.  Defendant's Opposition

12  In Defendant's opposition to Plaintiff's motion to strike, Defendant argues that the motion
13  should be denied because Plaintiff has applied the incorrect pleading standard to determine the
14  sufficiency of affirmative defenses.  See generally ECF No. 26.  Specifically, Defendant contends
15  that it is the "fair notice" pleading standard applied in Wyshak v. City Nat'l Bank, 607 F.2d 824,
16  827 (9th Cir 1979) and Kohler v. Flava Enterprises, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) that
17  should be used to determine whether an affirmative defense has been adequately pled; not the
18  heightened pleading standard under Federal Rule of Civil Procedure 8(a)(2) stated in Iqbal and
19  Twombly, which requires that *complaints* "contain sufficient factual matter, accepted as true to
20  state a claim for relief that is plausible on its [face]."  ECF No. 26 at 2 (brackets added) (internal
21  quotation marks omitted).  Neither Iqbal nor Twombly, Defendant contends, addressed the issue
22  of whether that heightened pleading standard applies to *affirmative defenses* that are raised under
23  Federal Rule of Civil Procedure 8(b).  Id.

24  The fair notice standard, Defendant argues, is the one applied in the majority of Ninth
25  Circuit cases.  ECF No. 26 at 2.  Citing to Gomez v. J. Jacobo Farm Labor Contr., Inc., 188 F.
26  Supp. 3d 986, 992 (E.D. Cal. 2016), which standard only requires that a defendant state the nature
27  and grounds for an affirmative defense.  See ECF No. 26 at 3.  The Eastern District, Defendant
28  further contends, also interprets Kohler as standing for the proposition that Wyshak – not

1  Twombly and Iqbal, – provides the proper standard for determining the sufficiency of an
2  affirmative defense. Id. For these reasons, Defendant argues, the Court should apply the "fair
3  notice" standard when evaluating Plaintiff's motion. Id.
4  Defendant continues, going on to state why all but two of her affirmative defenses One
5  through Seven have been sufficiently pled under the fair notice standard. See ECF No. 26 at 3-6.
6  In so doing, Defendant agrees to the striking of the Third and Seventh affirmative defenses. Id. at
7  4, 6. However, Defendant requests that the Court grant leave to amend the answer so that
8  Defendant can sufficiently rectify those defenses and/or any other deficiencies. See id. at 6.

### C. Applicable Law

#### 1. Twombly and Iqbal

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court addressed the question of what a *plaintiff* must plead in order to state a claim under the Sherman Act. See Twombly, 550 U.S. at 554-55 (stating case presents antecedent question of what a plaintiff must plead under Act and referencing Rule 8(a)(2) language). Ultimately, the Twombly Court determined that the plaintiffs' complaint was required to have "enough factual matter taken as true to suggest that an agreement [had been] made." Twombly, 550 U.S. at 556 (brackets added). The high court further found that the plaintiffs' complaint had not provided enough facts to state a claim of relief that was plausible on its face; specifically, that they had not "nudged their claims across the line from conceivable to plausible." Id. at 570. As a result, the plaintiffs' complaint was dismissed. Id.

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court also only addressed the standard for respondents' *complaint*, finding that under Rule 8(a)(2), pleadings are to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Iqbal, 556 U.S at 677-78. Citing to Twombly, the Iqbal Court also stated that the pleading standard under Rule 8 did not require detailed factual allegations, but that it had to contain "sufficient factual matter, accepted as true to, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks omitted).

#### 2. Wyshak and Kohler

3

In Wyshak v. City Nat'l Bank, 607 F.2d 824 (1979), the Ninth Circuit specifically addressed the pleading standard needed when asserting an *affirmative defense*. At issue in the case was whether the defendant's statute of limitations defense had been sufficiently pled. See id. at 826-27. The Wyshak Court first acknowledged that Rule 8(c) determined whether the pleading of the affirmative defense was sufficient, and it went on to state that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Id. at 827 (brackets added) (citations omitted).

Sometime later, in Kohler v. Flava Enterprises, Inc., 779 F.3d 1016 (9th Cir. 2015), the Ninth Circuit again applied the "fair notice" standard with respect to affirmative defenses. Applying the fair notice standard, it stated that said notice required by pleading standards "only requires describing the defense in 'general terms'." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1274 (3d ed. 1998)).

### 3. Fair Notice Standard Applied In Other Cases

Since the rulings in Wyshak and Kohler, the Ninth Circuit has applied the fair notice standard to affirmative defense questions in other cases. See, e.g., Garcia v. Salvation Army, 918 F.3d 997, 1008 (9th Cir. 2019) (referencing case quoting Wyshak standard); Simmons v. Navajo Cty., Arizona, 601 F.3d 1011, 1023 (9th Cir. 2010) (citing Wyshak standard) abrogated in part by Castro v. Cty. of Los Angeles, 388 F.3d 1060 (9th Cir. 2016) (en banc). The Eastern District does as well.[1] See Gomez, 188 F. Supp. 3d at 991-92 (collecting cases) (stating Eastern District has found that Kohler did not resolve heightened plausibility requirement of Twombly and Iqbal). In addition, other districts in this circuit have also applied the fair notice standard when considering whether affirmative defenses were adequately pled. See, e.g., Estate of Chivrell v. City of Arcata, -- F. Supp. 3d -- , No. 22-cv-00019 HSG, 2023 WL 6277288, at * 2 (N.D. Cal. Sept. 26, 2023) (citing Wyshak); Loi Nguyen v. Durham School Services, L.P., 358 F. Supp. 3d

---

[1] The Court acknowledges that there remain differences of opinion within the Eastern District as to whether the plausibility standard in Twombly and Iqbal applies to affirmative defenses. See Gomez, 188 F. Supp. 3d at 991 (citing Coppola v. Smith, No. 1:11-cv-1257 AWI BAM, 2015 WL 2127965, at *6 n.4 (E.D. Cal. May 6, 2015) (stating Eastern District courts generally apply Iqbal to affirmative defenses)).

1  1056, 1060 (C.D. Cal. 2019) (citing Kohler); Kaiser v. CSL Plasma, Inc., 240 F. Supp. 1129,

2  1134 (W.D. Wash. 2017) (citing Wyshak); ESCO Corporation v. Cashman Equipment Company,

3  158 F. Supp. 3d 1051, 1058 (D. Nevada 2016) (citing Wyshak).

        D.  Analysis

In light of the above, the Court finds that Plaintiff's motion to strike must be denied in its entirety given that it incorrectly cites to the heightened plausibility standard applied to complaints in Twombly and Iqbal as the standard to be used when considering whether an affirmative defense has been sufficiently pled. Thus far, the Eastern District has determined that Kohler did not resolve the split on the issue of whether the heightened plausibility requirement applied to complaints in Twombly and Iqbal also applies to affirmative defenses. See Gomez, 188 F. Supp. 3d at 991 (collecting cases). Therefore, Court agrees with the position that the fair notice standard of Wyshak and Kohler established by the Ninth Circuit is the one that should be applied to Defendant's affirmative defenses.

Having reviewed the affirmative defenses in Defendant's answer; considered the arguments in defendant' opposition with respect to each of them; and applied the fair notice standard while doing so, the Court finds that affirmative defenses One, Two, Four, Five, and Six as pled have provided Plaintiff with adequate fair notice and therefore do not warrant being stricken. However, given Defendant's stipulation to the striking of affirmative defenses Three and Seven, they will be stricken. Defendant, however, will be given a short period within which to amend those defenses in the answer should Defendant choose to do so. See Fed. R. Civ. P. 15(a)(2); Wyshak, 607 F.2d at 826 (citations omitted) (stating upon striking of affirmative defense leave to amend should be freely given in absence of prejudice).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike Defendant's affirmative defenses (ECF No. 25) is DENIED;

2. In accord with Defendant's stipulations (see ECF No. 26 at 4, 6), affirmative defenses Three and Seven in Defendant's answer (see ECF No. 24 at 10) are STRICKEN, and

3. Defendant shall either file an amended answer related to affirmative defenses Three

and Seven or, in the alternative, inform the Court that she declines to amend by **January 26, 2024**.

IT IS SO ORDERED.

    Dated:   **January 12, 2024**                **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE