UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>        Plaintiff,<br><br>   v.<br><br>RICHARD MILAN, et al.,<br><br>        Defendants. | No.  1:20-cv-00682 JLT GSA (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STOP DEDUCTION OF FILING FEE FROM PRISONER TRUST FUND ACCOUNT<br><br>(ECF No. 73)<br><br>ORDER STAYING THIS MATTER PENDING A DECISION IN SPENCER v. MILAN, No. 24-2442 (9th Cir.) |
| EDWARD B. SPENCER,<br><br>        Plaintiff,<br><br>   v.<br><br>J. JASSO, et al.,<br><br>        Defendants. | No.  1:20-cv-00909 JLT GSA (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STOP DEDUCTION OF FILING FEE FROM PRISONER TRUST FUND ACCOUNT<br><br>(ECF No. 54)<br><br>ORDER STAYING THIS MATTER PENDING A DECISION IN SPENCER v. JASSO, No. 24-2443 (9th Cir.) |

1

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>    Plaintiff,<br><br> v.<br><br>L. PULIDO-ESPARZA, et al.,<br><br>    Defendants. | No. 1:20-cv-1176 JLT GSA (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STOP DEDUCTION OF FILING FEE FROM PRISONER TRUST FUND ACCOUNT<br><br>(ECF No. 48)<br><br>ORDER STAYING THIS MATTER PENDING A DECISION IN SPENCER v. PULIDO-ESPARZA, No. 24-2444 (9th Cir.) |
| EDWARD B. SPENCER,<br><br>    Plaintiff,<br><br> v.<br><br>A. BARAJAS, et al.,<br><br>    Defendants. | No. 1:23-cv-01033 JLT GSA (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STOP DEDUCTION OF FILING FEE FROM PRISONER TRUST FUND ACCOUNT<br><br>(ECF No. 25)<br><br>ORDER STAYING THIS MATTER PENDING A DECISION IN SPENCER v. BARAJAS, No. 24-2441 (9th Cir.) |

Plaintiff, a state prisoner proceeding pro se[1] in all the above-referenced matters, has filed these civil rights actions seeking relief under 42 U.S.C. § 1983. These matters were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court are Plaintiff's motions requesting that the filing fees in these matters cease being deducted from his prisoner trust fund account. See Milan, ECF No. 73; Jasso, ECF No. 54; Pulido-Esparza, ECF No. 48, and Barajas, ECF No. 25. For the reasons stated below, the motions will be granted, but only with respect to those filing fees collected by CDCR since March 18, 2024, but not before that date. In addition, each of these cases will be ordered stayed pending the Ninth Circuit's issuance of its opinions on Plaintiff's interlocutory appeals.

---

[1] Plaintiff is currently appealing his status as a three strikes litigant and the resulting revocation of his in forma pauperis status in each of these matters. On appeal, Plaintiff is represented by counsel.

Finally, under separate order, the Court will direct the California Department of Corrections and Rehabilitation ("CDCR"), or its designee, to cease its withdrawal of filing fees in these four cases from Plaintiff's prisoner trust fund account until further notice. In addition, any filing fees deducted from Plaintiff's trust account for these matters since March 18, 2024, the date Plaintiff's in forma pauperis status was revoked, will also be ordered returned to Plaintiff.

I. BACKGROUND

On March 18, 2024, Plaintiff was found to be a three-strikes litigant within the meaning of 28 U.S.C. 1915(g) in all four of the above-referenced matters. See, e.g., Milan,[2] ECF No. 67. As a result, Plaintiff's in forma pauperis status in each case was revoked and he was ordered to pay the filing fees in full in each of them. See id. at 4. Plaintiff was given thirty days in which to do so. Id.

Plaintiff failed to pay the filing fees in full in any of the above-referenced matters within time allotted and did not request extensions of time to do so. Instead, on April 15, 2024, in all four cases, Plaintiff filed interlocutory appeals to the Ninth Circuit appealing this Court's three strikes litigant determinations. See, e.g., Milan, ECF Nos. 68, 69 (notice of interlocutory appeal; processing of same). These appeals are currently pending.

On July 29, 2024, the instant motions requesting that filing fees cease to be deducted from Plaintiff's prisoner trust fund account were docketed. See, e.g., Milan, ECF No. 73. Defendants do not oppose these motions. See Milan, ECF No. 74; Jasso, ECF No. 55; Pulido-Esparza, ECF No. 49, and Barajas, ECF No. 26 (Defendants' statements of non-opposition). The Court considers them herein.

II. MOTIONS TO STOP DEDUCTIONS FROM PLAINTIFF'S TRUST ACCOUNT

A. Plaintiff's Motions

Citing to Smith v. District of Columbia, 182 F.3d 25 (D.C. Cir. 1999), Plaintiff argues that

---

[2] Throughout this order, when the Court's orders or the motions Plaintiff has filed in each of his four matters are identical in substantive content, for ease of reference, the Court will only cite to the order or filing in Milan, which is Plaintiff's earliest-filed case.

1    "[t]he Court was without authority to collect the filing fees from [my] prison account." Milan,
2    ECF No. 73 at 2 (brackets added).  As a result he contends that the deducted fees "must be
3    returned" to him.  Id.

4        In Smith, Plaintiff Smith's in forma pauperis application was denied on appeal pursuant to
5    Section 1915(g), and his complaint was dismissed on appeal without prejudice subject to his right
6    to pay the filing fee in full.  Smith, 182 F.3d at 27.  The issue in Smith, which is arguably relevant
7    to the instant cases is whether, as a three strikes litigant on appeal, Plaintiff Smith was still
8    required to pay the filing and docketing fees in full even though he had chosen not to pursue his
9    appeal.  See id. at 29 (D.C. Circuit Court asking, "But must he also pay the full fees even if he
10   does not pursue his appeal?").  The appellate court stated:  "Thus the question is whether when a
11   prisoner files a notice of appeal and application to proceed in forma pauperis, and his application
12   is denied, we will treat him as having 'file[d] an appeal in forma pauperis' so that the fee
13   requirement attaches."  Id. (brackets in original) (quotation marks in original).

14       Ultimately, the Smith Court held that if Plaintiff Smith did not proceed with his appeal he
15   was not required to pay the filing fees.  Smith, 182 F.3d at 29 ("[W]e will not require fee payment
16   here, unless Smith wishes to proceed with his appeal.").  In support of its decision, the Smith
17   Court found that Plaintiff Smith had been *seeking* to proceed in forma pauperis and that it would
18   not treat him as having *filed* an appeal in forma pauperis when he had not been granted in forma
19   pauperis status.  Id.  The Smith Court stated, "[W]e will deem a prisoner to have 'file[d] an appeal
20   in forma pauperis' as soon as he has both filed a notice of appeal and been granted in forma
21   pauperis status, but not before."  Smith, 182 F.3d at 30 (brackets added and in original).

22       Based on those determinations, the Smith Court denied Plaintiff Smith's application to
23   proceed in forma pauperis on appeal given his three strikes litigant status.  Smith, 182 F.3d at 30.
24   Plaintiff Smith was then given fourteen days to pay the filing fee, after which his appeal could
25   proceed.  He was also informed that failure to pay the fee within that period would result in the
26   dismissal of his case.[3]  See id.

---

[3] Although the Smith opinion does not indicate whether Plaintiff eventually paid the filing fee, this Court takes judicial notice of the fact that in November 1999, the D.C. Circuit dismissed

4

B.  Defendants' Statements of Non-Opposition

Defendants have filed statements of non-opposition to Plaintiff's motion to stop the debit of filing fees to his prisoner trust fund account.  See, e.g., Milan, ECF No. 74.  Citing to Meyers v. Birdsong, 83 F.4th 1157 (9th Cir. 2023), they assert that courts are not permitted to continue collecting payments from prisoners whose in forma pauperis status has been revoked pursuant to 28 U.S.C. 1915(g).  See, e.g., Milan,[4] ECF No. 74 at 1; see also Barajas, ECF No. 26 at 1.

In Meyers, Plaintiff Meyers' in forma pauperis status on appeal was revoked pursuant to Section 1915(g).  Meyers, 83 F.4th at 1159.  As a result he was ordered to pay the filing fee in full prior to proceeding with the appeal.  Id.  Plaintiff Meyers was warned that his failure to pay the fee in full within thirty-five days would result in the appeal being dismissed.  Id.

Plaintiff Meyers did not pay the filing fee in full, and as a result his appeal was dismissed. Meyers, 83 F.4th at 1159.  However, his prisoner trust fund account continued to be debited in order to satisfy the outstanding balance on the initial filing fee.  Id.

In November 2020, Plaintiff Meyers moved to reinstate his appeal and he provided proof that the filing fee had been paid in full as of October 2020.  Meyers, 83 F.4th at 1159.  Relevant to the instant motions, at issue in Meyers at that point was whether Plaintiff Meyers' appellate filing fees had unlawfully continued to be collected from his trust account given that he had attempted to file his appeal with in forma pauperis status but had been denied the status.  Id. at 1160.

Ultimately, the Meyers Court found that because Plaintiff Meyers' attempt to proceed in forma pauperis had been barred by Section 1915(g) on appeal, and the in forma pauperis status he had been granted had been revoked as a result (see Meyers, 83 F.4th at 1159), he was not subject to the continued monthly incremental debiting from his trust account that occurs when an appeal

---

Plaintiff's appeal.  See Smith v. District of Columbia, No. 97-7232 (D.C. Cir. Nov. 29, 1999) (mandate issued cancelling petition).

[4] Because the statements of non-opposition filed in Milan, Jasso, and Pulido-Esparza are identical in substantive content, the Court only cites to the statement of non-opposition in Milan. Because the statement of non-opposition in Barajas differs in substantive content to some degree from the other three statements of non-opposition, the Court references it separately from the other three statements.

is brought with in forma pauperis status.  See id. at 1161.  The Meyers Court wrote:

> Meyers's purported IFP appeal was barred by subsection [28 U.S.C. § 1915(g)] and therefore could not proceed to the benefits and the burdens conferred at subsection [28 U.S.C. § 1915(b)].  The Court was therefore without authority to collect the filing fees from Meyers's prison account, and they must be returned.  Therefore, we direct the Clerk of the District Court to return any fees that it collected on our behalf for this appeal.

Id. (brackets added).

### III. DIFFERENCES IN PLAINTIFF'S CASES AND THOSE IN SMITH AND MEYERS

There are important differences between Plaintiff's cases and the Smith and Meyers matters.  These differences warrant a finding that only *a portion* of Plaintiff's filing fees should be returned to him at this time.  They also warrant the issuance of stays in Plaintiff's four District Court matters referenced in this order.  The differences are the following:

#### A. Plaintiff Smith's Prisoner Trust Account Was Never Debited on Appeal

In Smith, Plaintiff Smith was denied in forma pauperis status on appeal because he was a three strikes litigant within the meaning of Section 1915(g).  See Smith, 182 F.3d at 27, 29 (D.C. Circuit denying Plaintiff Smith, a three strikes litigant, the opportunity to proceed in forma pauperis on appeal).  As result, the question the Smith Court considered was *not* whether appellate filing fees *had been* improperly deducted from Plaintiff Smith's trust account and should be returned to him,  rather whether Plaintiff Smith's trust fund account *should be* debited despite the fact that pursuant to Section 1915(g), Plaintiff Smith had been denied in forma pauperis status on appeal and his appellate case had been dismissed.  See id. at 26-30.

Thus, because filing fees for Plaintiff Smith's appeal in the D.C. Court were never debited from his trust account, *the question of whether the debit of filing fees from his trust account should cease and fees be returned to him* was *never considered* by that Court.  Therefore, Plaintiff's reliance on Smith is not on all fours with the instant cases.

#### B. The Jurisdiction of the Smith and Meyers Appellate Courts Were Not Limited

|     |     |
| --- | --- |
| 1   | By the Nature of Interlocutory Appeals |

As stated above, in each of Plaintiff's instant cases Plaintiff's in forma pauperis status was revoked and he was given thirty days to pay the filing fees in full in each of them. See, e.g., Milan, ECF No. 67 at 4. However, before the thirty day period in each had ended Plaintiff filed interlocutory appeals. See, e.g., id., ECF Nos. 68, 69 (notice of appeal; appeal, respectively).

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885-86 (9th Cir. 2001) (citing Griggs); see Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992) (stating interlocutory appeal divests district court of jurisdiction to proceed to trial); see also Price v. Dunn, 139 S. Ct. 1533, 1537 (9th Cir. 2019); United States v. Claiborne, 727 F.2d 842, 850 (9th Cir. 1984) cert. denied, 469 U.S. 829 (1984). In addition, when interlocutory appeals occur, a district court has broad discretion to stay proceedings for purposes of efficiency. See Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972); Ass'n of Irritated Residents v. Fred Schakel Dairy, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) (citing Filtrol Corp.).

Thus, unlike the decisions made by the Smith and Meyers Courts, this Court's decisions do have jurisdictional limitations as they involve interlocutory appeals.

IV. DISCUSSION

    A. After Plaintiff's In Forma Pauperis Status Was Revoked, the Debiting of His Trust Account Should Have Ceased

To the extent that the parties are arguing it,[5] the Court agrees that once Plaintiff's in forma

---

[5] It is unclear whether Plaintiff is requesting that *all* his filing fees paid to date as an in forma pauperis litigant be returned to him, or if he is *only* requesting that the fees collected *after* his in forma pauperis status had been revoked in March 2024 be returned to him. See generally Milan, ECF No. 73. In Milan, Plaintiff asserts that "The Court was without authority to collect the filing fees from Plaintiff's prison account, and they must be returned." Id. at 1. He cites to Smith and to Section 1915(g) in support of this argument. Throughout this order, because it is the result most beneficial to Plaintiff, the Court will assume that he is requesting that *all* filing fees be returned to him.

pauperis status had been revoked in these four cases, the continued debiting of his prisoner trust fund account should have ceased.   At the same time however, for reasons stated below, to the extent that the parties' briefs may suggest it, the Court is not persuaded that Smith and Meyers are sufficiently on point with the facts of Plaintiff's cases to warrant the return of *all* Plaintiff's filing fees, at least at this stage of the proceedings.

B.<u>This Court's Jurisdiction Is Limited Due to Plaintiff's Interlocutory Appeals</u>

The Smith and Meyers Courts had no obligation to wait for an outcome from a higher court before they acted.  Those Courts' respective jurisdictions had not been limited by interlocutory appeals.  This Court's jurisdiction, however, is limited *both* by:  (1) the interlocutory appeal status of Plaintiff's 4 cases, and (2) the fact that the subject matter on appeal in Plaintiff's cases is directly related to Plaintiff's instant motions.

In sum, the Court finds that at this stage in these proceedings, neither Smith nor Meyers give it the jurisdictional authority to order that *all* Plaintiff's filing fees be immediately returned to him.

C. <u>Plaintiff's Refund Requests Contradict His Requests on Appeal</u>

Further, to the extent that Plaintiff may be requesting this Court to refund the entirety of his filing fee, such directly contradict his requests in his interlocutory appeals that the revocation of his in forma pauperis status was improper   Moreover, ordering that *all* of Plaintiff's filing fees paid to date be returned to him would undermine the pending interlocutory appeals in the event he is successful in his appeals.

D. <u>Court Will Only Order the Return of Certain Fees, and It Will Stay Matter</u>

Because:  (1) Plaintiff's cases before this Court are on interlocutory appeal resulting in this Court's jurisdiction being limited; (2) whether Plaintiff's in forma pauperis status in Milan, Jasso, Pulido-Esparza, and Barajas was properly revoked by this Court is the primary question the Ninth Circuit is presently considering on appeal; (3) the appellate court's decision on this question may lead to Plaintiff's in forma pauperis status being restored in these matters, and (4) the appellate court has yet to rule on this question, in the interests of efficiency, the Court will *not* order that *all* filing fees Plaintiff has paid to date be restored to him.

At the same time, however, the interests of justice require that the improper debiting of Plaintiff's trust account after his in forma pauperis status was revoked on March 18, 2024, be remedied.  To do so, the Court will:  (1) stay all four matters beginning retroactively from the date of March 18, 2024, and continuing forward  until further order of the Court;  (2) direct CDCR to cease filing fee withdrawals from Plaintiff's trust account until further notice, and (3) direct that *only* filing fee monies that have been deducted since March 18, 2014 from Plaintiff's trust account for these four cases,  be returned to him.

Thereafter, once the Ninth Circuit has made a ruling on the propriety of the Court's revocation of Plaintiff's in forma pauperis status, the Court will:  (1) lift the stays on these proceedings, and (2) either direct CDCR to resume deducting filing fee payments from Plaintiff's trust account, consistent with 28 U.S.C. § 1915(b) (in forma pauperis statute), or direct that Plaintiff pay what remains to be paid of the filing fees in full prior to proceeding any further with these cases.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to cease the deduction of filing fees from his prisoner trust fund account are GRANTED in the following cases:

- Spencer v. Milan, No. 1:20-cv-00682 JLT GSA (ECF No. 73);
- Spencer v. Jasso, No. 1:20-cv-00909 JLT GSA (ECF No. 54);
- Spencer v. Pulido-Esparza, No. 1:20-cv-01176 JLT GSA (ECF No. 48), and
- Spencer v. Barajas, No. 1:23-cv-01033 JLT GSA (ECF No. 25);

2. These four cases are also STAYED pending the Ninth Circuit issuing rulings on the interlocutory appeals in them;

3. Absent exigent circumstances, no further pleadings shall be filed in any of these 4 cases pending the Ninth Circuit's issuance of rulings on Plaintiff's interlocutory appeals and the stays are lifted, and

4. Under separate order, the Court will direct the California Department of Corrections and Rehabilitation, or its designee, to:  (1) cease withdrawing filing fees from Plaintiff's prisoner trust fund account for the four above-referenced cases pending the outcome of Plaintiff's

interlocutory appeals, and (2) refund to Plaintiff all filing fees debited from his trust account in the above referenced cases which debits have occurred on and after March 18, 2024.

IT IS SO ORDERED.

Dated: __**August 12, 2024**__     _____**/s/ Gary S. Austin**_____
                                                                  UNITED STATES MAGISTRATE JUDGE